IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HAROLD DEAN WILSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-44-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner HAROLD DEAN WILSON. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

On July 15, 2009, petitioner was charged by Indictment in Randall County, Texas, with ten (10) counts of possession of child pornography, *State v. Wilson*, No. 20,521-B, and with six (6) counts of indecency with a child by sexual contact, *State v. Wilson*, No. 20,820-B. On November 10, 2010, petitioner was charged by Indictment in Randall County, Texas, with twelve (12) counts of possession of child pornography. *State v. Wilson*, No. 22,015-B [ECF 13-23 at 5-8]. On December 6, 2010, Cause No. 20,521-B (the initial possession case) was dismissed based on the new Indictment for possession of child pornography in Cause No. 22,051-B.

On December 7-10, 2010, both the indecency case (Cause No. 20,820-B) and the possession case (Cause No. 22,015-B) were jointly tried before a jury. On December 10, 2010, the jury found petitioner guilty of all possession of pornography counts alleged in the Indictment in Cause No. 22,015-B, but acquitted petitioner of all of the indecency with a child by sexual contact counts alleged in the Indictment in Cause No. 20,820-B. [ECF 13-10 at 31; 13-23 at 62-73].

On December 20, 2010, the jury sentenced petitioner to ten (10) years imprisonment in the Texas Department of Criminal Justice, Institutional Division, and assessed a fine of $10,000 for each possession of pornography count (Counts 1-12). [ECF 13-23 at 14-49]. The state trial court accepted the jury's verdicts and sentences, ordering the 10-year sentences assessed for Counts 1-11 to run concurrently, but ordering the 10-year sentence assessed for Count 12 to run consecutive to the 10-year concurrent sentences assessed for Counts 1-11. [ECF 13-25 at 66-67]. On January 4, 2011, the trial court signed a separate Judgment for each count. [ECF 13-23 at 74-98].

Petitioner filed a direct appeal of his convictions and sentences to the Court of Appeals for the Seventh District of Texas. *Wilson v. State*, No. 07-11-00019-CR. On January 24, 2012, the intermediate state appellate court reformed the judgments of conviction to reflect a fine totaling $20,000 -- $10,000 for the eleven concurrent sentences and $10,000 for the one sentence ordered to run consecutively. As reformed, the state appellate court affirmed petitioner's convictions and sentences *per curiam*. [ECF 13-2, -3]. Petitioner did not seek direct review of that ruling by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

On July 22, 2016, petitioner purportedly placed a state application for habeas corpus relief in the prison mail system collaterally attacking his convictions. [ECF 13-23 at 105-16]. On September 28, 2016, the Texas Court of Criminal Appeals dismissed petitioner's state habeas application as non-compliant with Rule 73.1 of the Texas Rules of Appellate Procedure. *Ex parte Wilson*, No. 85,721-01 [ECF 13-22].

On November 14, 2016, petitioner purportedly placed a second state application for habeas corpus relief in the prison mail system collaterally attacking his convictions. [ECF 13-25 at 5-22]. On February 8, 2017, the Texas Court of Criminal Appeals denied petitioner's second state habeas application without written order. *Ex parte Wilson*, No. 85,721-02 [ECF 13-24].

On February 5, 2018, petitioner allegedly placed the instant federal application for habeas corpus in the prison mail system. This Court received Petitioner's application on February 6, 2018, at which time it was file-stamped and a federal habeas corpus proceeding opened.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

Petitioner was denied effective assistance of trial counsel because counsel failed to:

1. challenge the sufficiency of the evidence;

2. "object to the fact that the State was placing sole possession of 'child pornography' upon petitioner;"

3. call several witnesses identified by petitioner; and

4. file a motion to sever his possession and indecency cases into separate trials.

## III.
## RESPONDENT'S ANSWER

On May 14, 2018, respondent filed a Preliminary Answer asserting petitioner's habeas application should be dismissed as time barred. In her Preliminary Answer, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases. Respondent also forth relevant dates in this case and analyzed the timeliness of petitioner's

habeas application.[1]  On June 8, 2018, petitioner filed a reply in opposition to respondent's Preliminary Answer arguing that by the Texas Court of Criminal Appeals accepting petitioner's second state habeas application and not entering a "summary dismissal," the limitation period was extended to February 8, 2017, the date of the Texas Court of Criminal Appeals' denial of petitioner's state habeas application without written order.

## IV.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner was sentenced on December 20, 2010. Petitioner filed a direct appeal of his conviction with the appropriate state intermediate appellate court who, on January 24, 2012, reformed the state trial court's judgment and, as reformed, affirmed petitioner's convictions and sentences. Petitioner did not seek discretionary review of the intermediate appellate court's decision with the Texas Court of Criminal Appeals.

2. Petitioner's judgment of conviction became final on **February 23, 2012**, when the 30-day period to file a petition for discretionary review expired. Tex. R. App. P. 68.2(a); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final.

6. The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

---

[1] The undersigned notes respondent's conclusion that petitioner's federal habeas application is time barred is correct, even though respondent inaccurately calculated the finality of petitioner's conviction and the dates of the limitation period.

7. Petitioner's federal habeas corpus petition was thus due on or before **February 25, 2013**,[2] unless statutorily or equitably tolled.

8. Petitioner's first state habeas application challenging his conviction and sentence, filed July 22, 2016, was filed <u>after</u> the limitation period had expired on February 25, 2013.[3] The 1-year statute of limitations was not statutorily tolled. *See Medley v. Thaler*, 660 F.3d 833, 834-35 (5th Cir. 2011). Likewise, petitioner's second state habeas application, filed November 14, 2016, did not statutorily toll the limitation period.

9. Petitioner has not asserted, much less demonstrated, he is entitled to any periods of equitable tolling.

10. Petitioner's federal habeas corpus application, filed **February 5, 2018** when it was purportedly placed in the state prison mailing system, was filed almost five (5) years after the expiration of the statute of limitations and **is time barred**.

11. Petitioner has not asserted an actual innocence exception to the time bar, much less demonstrated actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence.

Therefore, for the reasons set forth by respondent and for the reasons set out above, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DENIED.

V.
RECOMMENDATION

---

[2] The end of the one-year period, February 23, 2013, fell on a Saturday; therefore, the period was extended to the end of the following Monday. *See* Tex. R. App. P. 4.1(a) (2013).

[3] Petitioner's first habeas application, which was dismissed for non-compliance, would not have tolled the limitation period even if he had filed it before the expiration of the limitation period. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *see also Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999)

For the above reasons and the reasons set forth in respondent's Preliminary Answer filed May 14, 2018 [ECF 12], it is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner HAROLD DEAN WILSON be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 25, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE


## * **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v.*

*Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).